UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**OLGA LAVANDEIRA,**

    **Plaintiff,**

**v.**                                        **CASE NO: 8:20-cv-00169-SDM-CPT**

**CITY OF TAMPA,**

    **Defendant.**

_____/

**JOINT NOTICE FOR PROCESS AND PROCEDURES
FOR INTERPRETERS AT TRIAL**

    Plaintiff, OLGA LAVANDEIRA, and Defendant, CITY OF TAMPA, pursuant to the Court's Pretrial Order (D.E. 145) submits this Joint Notice for Process and Procedures for Interpreters at Trial.[1]

    1.    The trial shall be staffed by three (3) interpreters. Two of the interpreters shall act as the Proceedings Interpreters, and one (1) interpreter (already designated by the Court's Interpreter Office) shall act as the Table/Monitor Interpreter.

    2.    Prior to trial, the three (3) interpreters should review the witness list to determine if they have any conflicts or if they must make any disclosures about their relationship with any of the witnesses. Should such disclosures be required, they shall occur at trial on the record, and the Parties' counsel shall then consider those

---

[1] As ordered the by the Court, the parties are submitting these procedures but request that conversations occur with the ASL interpreters secured for the trial to ensure they are aware of what is being proposed.

disclosures and stipulate to such disclosures, if any, on the record.[2] Should any of the interpreters believe they may have a conflict that would require substitution with another interpreter, they should immediately notify counsel for the Parties and the Court prior to the commencement of trial.

3. The Proceedings Interpreters shall interpret all remarks in open court, and all English speaking and non-English (ASL) using witness testimony.

4. The Table/Monitor Interpreter shall monitor the proceedings and interpret any dialogue needed between Plaintiff's counsel and a non-signing witness when Plaintiff is present.[3] This shall allow Plaintiff's counsel to speak in English to non-signing witnesses in the presence of the Plaintiff prior to and after their appearance on the witness stand if needed and avoid additional cost to the Court to secure a fourth interpreter.

5. All interpreters shall be put under oath prior to the beginning of trial.

6. The interpretation of deaf witnesses shall be performed in consecutive mode.

7. The Two Proceedings Interpreters shall position themselves in front of Plaintiff's Counsel's table, except during those times when there are Deaf witnesses on the stand, media is being used which requires relocation or if the nature of the proceedings requires repositioning.

---

[2] It is common for interpreters to know or have interpreted for some of the deaf individuals involved in a civil suit due to the nature of the relationship between the Deaf Community and the Interpreting Community. This knowledge does not automatically create a conflict.

[3] Plaintiff is represented by Sharon Caserta and Brittany Shrader, both are fluent in ASL and shall not require attorney-client privileged conversation to be interpreted by the Table/Monitor Interpreter.

8. The Table/Monitor Interpreter shall position herself at Plaintiff's counsel table at a location conducive for her to watch the Proceedings Interpreters and signal issues to counsel if necessary.

9. It is the obligation of the two Proceedings Interpreters to work together to correct and avoid errors in the interpretation. If the two proceeding interpreters must confer about an interpretation, they shall do so quietly amongst themselves. This shall occasionally require they ask for clarification from a Deaf witness without halting the proceedings.[4]

10. The Table/Monitor Interpreter is responsible to ensure the accuracy of the record in tandem with the Proceedings Interpreters.

11. When the Table/Monitor Interpreter believes there has been a substantive error made in the interpretation provided on the record, the Monitor/Table Interpreter will advise Plaintiff's counsel. Upon conference with Plaintiff's counsel a decision shall be made whether the proceedings must be halted for a possible correction.

12. To provide the possible correction to the record Plaintiff's Counsel shall stand up and signal to the Court that a sidebar is needed. These possible corrections must be made in a timely fashion.

13. Once recognized by the Court, Counsel for both parties, the proceedings Interpreters and the Monitor Interpreter shall approach the bench to discuss the

---

[4] The Parties have proposed a Jury Instruction to help the jury understand the nature and the reason for the parley between the Proceedings Interpreters and the deaf witness.

3

possible interpretation correction. The language to be used by the Monitor interpreter shall follow correction protocol by stating what she believes was an incorrect interpretation —and the correction to be made. By way of example: "The Monitor Interpreter believes a correction to the interpretation is required, the interpretation provided was *the vehicle was blue*, the correct interpretation is *the vehicle was black*."

14. The two Proceedings Interpreters shall then confer amongst themselves privately to consider the correction being offered. The Proceedings Interpreters shall then tell the Court if the correction to the interpretation is accepted, or if the interpretation stands. Although the Proceedings Interpreters have the authority to decide if the interpretation needs correction, the attorneys preserve the right to object to what they believe is an incorrect interpretation and discuss the same at the side bar. The Proceedings Interpreters shall reserve the right to ask the Court if the response from the Deaf witness can be repeated to ensure the interpretation is correct.

15. When corrections to the record are made, the Proceeding Interpreters shall be mindful to identify themselves as the interpreter e.g. Interpreter Jones seeks clarification of a signed message, instead of saying "I" seek clarification of a signed message. This will avoid the statement being attributed to the wrong speaker.

16. In the event the Monitor Interpreter, or the Proceedings Interpreters believes a complicated correction is needed to the record, or an issue has arisen which requires a lengthier exchange, the Proceedings Interpreters, or the Monitor Interpreter (though Plaintiff's Counsel) shall signal to the court of the need for a side bar.

17. The Proceedings Interpreters and the Monitor Interpreter shall confer during breaks to discuss any needed changes linguistically, culturally, or otherwise to maintain an accurate record.

18. Due to the fact that Sharon Caserta and Brittany Shrader, Plaintiff's counsel, are fluent in sign language, the Proceeding Interpreters shall be directed not to vocalize the signed comments between Plaintiff's counsel and their deaf client, Olga Lavandeira in open court.

19. The Proceedings Interpreters shall spell each other as they deem necessary, usually after twenty minutes, and shall advise the Court when breaks are needed.

20. To preserve the original signed statement of each deaf witness, their testimony shall be recorded by way of video.[5]

| MORGAN & MORGAN | CITY OF TAMPA |
|---|---|
| */s/ Sharon Caserta*<br>Sharon Caserta, Esquire<br>Florida Bar Number: 0023117<br>Morgan and Morgan<br>Deaf/Disability Rights Unit<br>501 Riverside Avenue, Suite 1200<br>Jacksonville, FL 32202<br>Telephone: 904-361-0078<br>Facsimile: 904-361-4305<br>scaserta@forthepeople.com<br><br>**THE NATIONAL ASSOCIATION OF THE DEAF**<br>Brittany Shrader, Esq. | */s/ Ursula D. Richardson*<br>Ursula D. Richardson<br>Chief Assistant City Attorney<br>FBN: 0064467<br>David Harvey<br>Assistant City Attorney<br>Florida Bar No: 610046<br>315 E. Kennedy Boulevard, 5th Floor<br>Tampa, FL 33602<br>Telephone: 813-274-7205<br>Facsimile: 813-274-8809<br>Ursula.Richardson@tampagov.net |

---

[5] The parties shall discuss this provision with the Court during the January 17, 2023 Pretrial Conference.

| | |
|---|---|
| New York Bar No.: 4768909<br>National Association of the Deaf<br>8630 Fenton Street, Suite 820<br>Silver Spring, MD 20910-3819<br>**(**301) 830-6126 (Videophone)<br>(301) 587-1791 (Facsimile)<br>brittany.shrader@nad.org<br>Admitted Pro hac vice<br>*Counsel for Plaintiff* | *Attorneys for City* |

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that the foregoing document was electronically filed on this 13th day of January 2023 by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

*/s/ Sharon Caserta*
Sharon Caserta

6