UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**OLGA LAVANDEIRA,**
    **Plaintiff,**

v.                                    **CASE NO: 8:20-cv-00169-SDM-CPT**

**CITY OF TAMPA,**

    **Defendant.**
_____/

**PROPOSED VOIR DIRE QUESTIONS**

The parties, by and through Counsel, hereby submit Proposed Voir Dire questions as follows:

1. What is your educational background?

2. Do you speak English as a second language? If yes, will you have any trouble understanding the proceedings or testimony?

3. Are you employed? If so, where are you employed? What is your current job position? How long have you been employed in that capacity?

4. If you are retired, who was your last employer and what was your occupation before you retired?

5. If retired, what activities do you engage in on a routine or fairly regular basis?

6. If you are currently unemployed, please describe the last job you held.

7. Are you married? If so, is your spouse employed outside the home?

8. If you are married, who is your spouse's employer (if applicable) and what is your spouse's current occupation?

9. If you are married, what is your spouse's educational background?

10. Do you have any children? If so, please tell us their names, ages, schools they currently attend (if applicable), where they are employed (if applicable), and their occupation (if applicable).

11. Have you served in the military? If so, briefly describe such service.

12. What personal hobbies and/or interests do you have?

13. What newspaper do you read regularly?

14. Do you, or anyone you are related to, know the Plaintiff?

15. Do you have any familiarity with the Defendant, City of Tampa or Tampa Police Department? If so, how are you familiar with the entity?

16. Do you know or have you heard of any of the attorneys in this case?

17. Are you familiar with any of the witnesses in this matter?

18. Have you, a close family member, or a friend, been the victim of a violent crime?

19. Have you ever been the witness to a violent crime?

20. Has a family member or close friend ever been murdered?

21. Do you have any practical knowledge about the criminal justice system?

22. Do you have any practical knowledge about how the court system works for people accused of a crime?

23. Have you heard about, or do you know the term "Seminole Heights" killer?

24. Have you heard or do you know about "51 days of Terror"?

25. Have you, your family members, or your close friends had any experiences, whether good or bad, with City of Tampa or Tampa Police Department If so, please explain the experiences.

26. Have you had any dealings with the Law Offices of Morgan and Morgan? If so, please explain the dealings you had with any of those law firms.

27. Have you, any family member, or any friend sought employment with any of the attorneys or law firms in this case?

28. Have you, any family member, or any friend ever been employed by, or sought employment with City of Tampa or Tampa Police Department If so when and in what capacity?

29. Do you have a relative or friend who is an attorney? If so, what is his/her name and where does he or she practice law?

30. Have you, any family member, or any friend ever been dissatisfied with the services provided to them by any attorney? If so, what was the outcome?

31. Have you ever served on a jury before? If so, state the type of case, whether the trial was in state or federal court, and whether a verdict was reached in the case.

32. If you previously served on a jury, were you the foreperson?

33. If you previously served on a jury, was there anything about that experience that left you with strong feelings either for or against the judicial system?

34. Have you ever been involved in a lawsuit as either the plaintiff or the defendant? This would include a divorce, to probate an estate, or filing for bankruptcy. If so,

    a. Describe the nature of the suit and the resolution of the lawsuit.

      b. Did anything occur in that lawsuit that you believe left you with strong feelings either for or against the judicial system?

35. Have you ever been a witness in a case where you testified in court? If so, is there anything about that experience that has left you with any strong feelings either for or against the judicial system?

36. Do you know, or are you related to anyone who is deaf?

37. Are you certified or trained in American Sign Language?

38. Have you taken any American Sign Language classes?

39. Are you proficient in American Sign Language?

40. Have you had any experience involving American Sign Language?

41. Are you familiar with Video Relay Services, TTY or a videophone?

42. Have you ever received a call using Video Relay Services, TTY or a videophone?

43. Is anyone you know able to communicate in American Sign Language?

44. Have you ever communicated (or attempted to communicate) with someone how was deaf/hearing impaired? If so, how did you communicate with him/her?

45. Have you ever provided an interpreter for a person who is deaf/hearing impaired?

46. Do you have any knowledge about the ways that deaf people communicate?

47. Do you know what the Americans with Disabilities Act provides for?

48. Have you ever been trained on the Americans with Disabilities Act?

49. Do you belong to any organizations that promote issues relating to the disabled? Which ones?

50. Do you make charitable contributions to, or volunteer with any organization that promotes issues relating to the disabled? If so, which ones?

51. Does anyone have any personal knowledge or experience with claims under the Americans with disabilities Act or the Rehabilitation Act?

52. Does anyone have any strong opinions regarding the accommodation of persons with disabilities?

53. Has anyone ever worked with someone who has a disability?

54. Do you, a family member or close friend suffer from a physical or mental impairment or disability? If so, please describe the impairment or disability.

55. Have you ever felt that you, a family member, or a close friend has been discriminated against in any way, because of a disability? If so, what happened?

56. Did you, your family member or close friend file a complaint? If so, what was the outcome?

57. Have you, a family member, or close friend ever had a traumatic event that caused emotional suffering?

    a. If so, what was the event and describe the emotional distress.

    b. Would anything about that situation make it difficult for you to sit on this jury where Plaintiffs are seeking emotional distress damages as an element of damages?

58. Do you, any family member, or close friend, have unresolved complaints against a government entity? If so, please describe.

59. Have you ever considered suing or sued a government entity?

60. Do you know anyone, including family or friends, who has sued a government entity? If so, when, for what, and what was the resolution?

61. Would you be more likely to believe the testimony of the Plaintiff simply because she has filed a lawsuit?

62. Would any of you have a hard time entering a verdict for the City if the Plaintiff failed to prove her case?

63. Would you be likely to enter a verdict for Plaintiff regardless of the facts and law because you believe you would be supporting a disabled person?

64. Do you have any preconceived beliefs that would make it impossible for you to render a fair decision in this case?

65. Do you feel that you can follow the law as you are instructed, even if you do not agree with the law?

66. Do you feel that you can follow the law as you are instructed, even if you think it is unfair to Plaintiff?

67. Do you know any reason why you could not sit as a juror in this case with absolute impartiality to both parties?

68. Do you believe that your ability to serve impartially as a juror in this case has been affected by any of the past experiences you have mentioned today to this Court?

69. It is normal to feel sympathy and compassion for the misfortunes of others. Will you be able to recognize your natural human feelings of sympathy, but still remain fair and impartial and ultimately base your verdict on the evidence received in court and the law as instructed by the Court at the close of the case?

70. Can you think of anything — attitude, feelings, something on your mind — which could influence your decision besides the evidence in this case?

    a. Any pressing outside matters, personal or business?

    b. Do you believe that you could have problems with your employer if you have to sit as a juror?

    c. Do you believe you could have any business problems sitting as a juror?

    d. Do you have any problems, medical or otherwise, that would prevent you from sitting or would make you uncomfortable sitting for any length of time to hear testimony?

    e. Anything you can think of that the parties need to know in deciding whether you should sit on this jury?

    f. Anything about this case that leads you to believe that any of the parties have a "strike" against them before this case starts?

71. Have we forgotten to ask you anything that could be important in affecting your ability to be a fair and impartial juror in a case like this? If we have, please explain.

72. What do you know about the Americans with Disabilities Act - the ADA?

73. Have any of the businesses you work for, or have worked for made changes to improve access for customers or employees who are disabled?

    i. If yes, how did you feel about that?

74. Have you ever held a job where you have to make sure a business follows the ADA?

75. Have you read or heard about cases where disabled people have sued under the ADA?

    IF YES:

a. Please describe.
b. How do you feel about that case? The result?

76. How many of you, your family members, or close friends have ever owned a business?

IF YES:
a. Who? Relationship to you?
b. Type of business? Size of business?
c. Those businesses ever made changes to improve access for disabled?

If so, why did they make these changes? How do you/they feel about this?

77. Have you ever in the past, or presently, worked with someone who has a disability? You should answer affirmatively if you have supervised someone with a disability; worked alongside someone with a disability; or worked for someone who had a disability. You should also answer affirmatively if you were aware of a person with a disability who was receiving an accommodation.

78. Have you or anyone in your immediate family or close circle of friends ever worked with a person, or socialized with a person who was deaf?

79. Have you or anyone in your immediate family or close circle of friends ever have a job where you played any type of role in assessing requests for an accommodation from persons with disabilities?

80. Have you or anyone in your immediate family or close circle of friends ever been tasked with providing accommodations to someone with a disability?

81. How many of you believe that discrimination is just something that people who are disabled ought to expect and be able to handle on their own?

82. Does anyone here have the opinion that the disability laws have become too burdensome in any particular way? You should answer affirmatively if you believe the requirement to provide reasonable accommodations to people with a variety of disabilities has gone too far either for businesses, or

in the area of education, or in the area of public access. If yes, provide an example of what comes to mind when you think "too burdensome."

83. Does anyone here have the opinion that disability advocates tend to take things to extremes? In other words, that the gains they have made legally have had more negative consequences than positive consequences.

84. Have you ever known someone who claimed that they were disabled so that they could get special benefits for themselves? In other words, the person either tried to get special benefits they didn't deserve, or they exaggerated the nature of their disability in order to get special benefits?

85. When it comes to the disability of deafness, does anyone think that deafness is a disability that simply cannot be accommodated – that if you can't hear, there's really not much anyone can do to alleviate that situation?

86. Do you believe discrimination based on disability can have an emotional effect on a person?

87. Have you ever used an interpreter in any language, or seen an interpreter being used?

IF YES:
    a. Please describe your use of interpreters or exposure to interpreters.
    b. How did you feel about using an interpreter?

88. Do any of your family members, close friends, or co-workers have a disability?

IF YES:
a. Who? What relationship to you?
b. Nature of the disability?
c. How often are you with your friend/family member?
d. Do you think they are as capable as other people, in spite of their disability?
e. Are you aware of any other problems they have experienced because of their disability?
f. Have your friends/family members/co-workers ever talked with you about problems they have experienced about times when someone has

9

       assumed they should not be provided access to services because of their disability?
- g. Please describe for me the qualities that you admire most in the person you know with a disability.
- h. Are the people you know who have disabilities independent people?

89. Have you, or has someone you know, been accused of discrimination?

    a. If so, as a result of that experience do you have any bias or bad taste in your mouth that could impact you if you sit on this case?
    b. How did it make you feel?

90. Is it ever ok to deny someone access to a program or a service of a state authority because of that person's disability?

91. Is it ever ok to require disabled people to rely on their family members and friends to access a program or a service of a state authority?

92. Are you aware of any stereotypes about people who are deaf?

IF YES:
    a. What stereotypes?
    b. Do you think that stereotype is accurate?

93. Do you think people with disabilities already get too many services in the community and should be thankful for the services already provided?

94. Has anyone here ever had to defend against a lawsuit?

95. Does anyone here have the opinion that there are too many civil lawsuits filed, to the point that reform is needed for our civil justice system?

96. Does anyone here have a negative opinion of a person who decides to bring a lawsuit as a way to solve a disagreement?

97. Have you used the Tampa Police Department services ever before (as a victim, suspect, witness etc.) for any reason?

    a. If yes, what has been your experience with them?

98. Do you or anyone close to you work for the City of Tampa?

      a. If yes, would you be hesitant to return a verdict against COT?

**BURDEN OF PROOF**

99. The burden of proof in this case is "by the preponderance of the evidence". This means the Plaintiff must prove, in light of all the evidence, what she claims is more likely true than not. This is a different standard than what some of you may be familiar with from pop culture references in a criminal case. In a criminal case, the standard is higher and it requires the government to prove a criminal defendant is guilty "beyond a reasonable doubt." Here, Plaintiff is not required to prove her claims beyond a reasonable doubt.

      a. Do you think the burden of proof should be higher when a person is claiming an emotional injury?

      b. If so, do you have any concern about whether you will unintentionally apply a higher burden in this case?

Likewise, Defendant may have some affirmative defense. Defendant will bear the burden of proving its affirmative defense by the preponderance of the evidence.

100. Is there anyone who is concerned that they won't be able to apply that same standard both ways?

**INTENTIONAL DISCRIMINATION**

101. Under the law, intentional discrimination does not require that the defendant acted with any hate, malice or ill-intent in denying the full and equal benefit of services, programs or activities to the plaintiff. Intentional discrimination is established if a plaintiff can meet her burden of showing that someone with authority to take corrective action, had notice to accommodate the Plaintiff and did not do so.

      a. Do you think that standard is unfair to the entity being sued, City of Tampa.

      b. Do you believe that in order to be awarded damages for intentional discrimination, the plaintiff should have to prove that the defendant acted with hate, malice or ill intent?

    c. If so, do you have any concern in your mind that you will unintentionally require the plaintiff to prove an element of intentional discrimination to you above what the law requires?
    d. Do you think that the burden of proof should be higher on this issue of intentional discrimination?

    e. If so, do you have any concern in your mind that you will unintentionally impose a higher burden on the plaintiff to prove intentional discrimination to you beyond what the law requires?

102. Under the applicable statutes in this case, when a person with a disability is intentionally denied the full and equal benefit of services, programs, or activities by an entity receiving federal funding, that person is entitled to compensatory (monetary) damages for emotional pain and mental anguish, even if the person did not suffer a physical injury or accident.

    a. Do you think that is unfair to the entity being sued, COT?

    b. Does anyone hearing that statement have some hesitation or uneasiness about the case?

103. If you find for the Plaintiff in this case you will be asked to award an amount of money as compensatory damages for emotional pain and mental anguish, stigmatic harm, expectation damages. Compensatory damages cover both tangible and intangible things, meaning there is no exact standard for determining the amount you will award, other than it should be fair and just in light of the evidence you heard.

    a. Before hearing any evidence, do you believe you would have a problem in awarding money damages in a case alleging an emotional injury for discrimination based on a disability?
    b. Do you think a person needs to have a physical injury to get monetary damages?
    c. Do you think it is ok for a person to get monetary damages for an emotional injury alone?
    d. Do you think a person has more right to be compensated for a physical injury than for a mental or emotional injury?
    e. Do you have any feelings against awarding intangible damages?
    f. Is there anyone who is concerned about not being able to reach a decision on compensatory damages if the Court can't provide you an exact standard for determining the amount?

Dated: January 13, 2023.

Respectfully submitted,

| MORGAN & MORGAN | CITY OF TAMPA |
|---|---|
| */s/ Sharon Caserta*<br>Sharon Caserta, Esquire<br>Florida Bar Number: 0023117<br>Morgan and Morgan<br>Deaf/Disability Rights Unit<br>501 Riverside Avenue, Suite 1200<br>Jacksonville, FL 32202<br>Telephone: 904-361-0078<br>Facsimile: 904-361-4305<br>scaserta@forthepeople.com<br><br>**THE NATIONAL ASSOCIATION OF THE DEAF**<br><br>*/s/Brittany Shrader*<br>Brittany Shrader, Esq.<br>New York Bar No.: 4768909<br>National Association of the Deaf<br>8630 Fenton Street, Suite 820<br>Silver Spring, MD 20910-3819<br>**(301) 830-6126 (Videophone)**<br>**(301) 587-1791 (Facsimile)**<br>brittany.shrader@nad.org<br>Appearing Pro hac vice<br>*Counsel for Plaintiff* | */s/ Ursula D. Richardson*<br>Ursula D. Richardson<br>Chief Assistant City Attorney<br>FBN: 0064467<br>David E. Harvey<br>Senior Assistant City Attorney<br>FBN: 610046<br>315 E. Kennedy Boulevard, 5th Floor<br>Tampa, FL 33602<br>Telephone: 813-274-7205<br>Facsimile: 813-274-8809<br>Ursula.Richardson@tampagov.net<br>*Attorneys for City* |

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that the foregoing document was electronically filed on this 13th day of January 2023 by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

*/s/ Sharon Caserta*
Sharon Caserta