UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**OLGA LAVANDEIRA,**

    Plaintiff,

v.                                             CASE NO: 8:20-cv-00169-SDM-CPT

**CITY OF TAMPA,**

    Defendant.

_____/

## NOTICE OF FILING PLAINTIFF'S PROPOSED JURY INSTRUCTIONS

Pursuant to Rule 51 of the Federal Rules of Civil Procedure and this Court's December 22, 2022 Order (D.E. 145), Plaintiff hereby submits the following proposed jury instructions. Plaintiff reserves the right to submit additional or modified instructions at the close of the case based on the events of the trial and the evidence produced and admitted.

DATED this 13th day of January 2023.

                                              Respectfully submitted,

                                              **MORGAN AND MORGAN**

                                              */s/ Sharon Caserta*
                                              Sharon Caserta, Esq.
                                              Florida Bar No.: 0023117
                                              Morgan & Morgan
                                              Deaf/Disability Rights
                                              501 Riverside Avenue, Suite 1200
                                              Jacksonville, FL 32202
                                              (904) 361-0078 (Voice)
                                              (904) 245-1121 (Videophone)
                                              (904) 361-4305 (Facsimile)

scaserta@forthepeople.com

**THE NATIONAL ASSOCIATION OF THE DEAF**

<u>*/s/Brittany Shrader*</u>
Brittany Shrader, Esq.
New York Bar No.: 4768909
National Association of the Deaf
8630 Fenton Street, Suite 820
Silver Spring, MD 20910-3819
(301) 830-6126 (Videophone)
(301) 587-1791 (Facsimile)
brittany.shrader@nad.org
Appearing Pro Hac Vice

*Counsel for Plaintiff*

# PLAINTIFF'S PROPOSED JURY INSTRUCTION NO 16

## THE AMERICANS WITH DISABILITIES ACT

In this case the Plaintiff claims that the Defendant discriminated against her within the meaning of a federal law known as the Americans with Disabilities Act, by failing to provide Plaintiff with reasonable modifications for her disabilities, and by denying her meaningful access to services, due her disabilities.

Under Title II of the Americans with Disabilities Act, it is unlawful for a qualified individual with a disability to be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or to be subjected to discrimination by any such entity by reason of his or her disability.

Under the Americans with Disabilities Act the Defendant is legally responsible for the acts of its employees carried out in the regular course of their duties as an employee, to include their contractors.

In order to prevail on her claims, the Plaintiff must prove three elements. The parties have agreed to two elements; therefore, Defendant is liable to Plaintiff, if you find by a preponderance of the evidence:

<u>The Third element</u> - That Defendant excluded Ms. Lavandeira from participation in or denied Ms. Lavandeira the benefits of a services, programs, or activities for which Defendant is responsible, or was otherwise discriminated against Ms. Lavandeira based on her disabilities.

3

I will explain Discrimination to you in a moment. If you find that the Plaintiff has not proven the third element by a preponderance of the evidence, then your verdict should be in favor of Defendant on Ms. Lavandeira's Title II of the Americans with Disabilities Act claim.

If you determine that Ms. Lavandeira has established the third element of her Title II of the Americans with Disabilities Act claim, you will then be asked to determine whether the Plaintiff is entitled to the recovery of damages, which requires proof of intentional discrimination, which are issues that I will also explain to you.

**Authority:** *Schwarz v. The Villages Charter School, In*c., 165 F.Supp.3d 1153, 1173 (M.D.Fla. 2016);  *Liese v. Indian River Cnty. Hosp. Dist.*, 701 F.3d 334, 345, 349 (11th Cir. 2012); *Silva v. Baptist Health South Florida*, 856 F.3d 824, 831 (11th Cir. 2017)

**Given**_____
**Denied**_____
**Withdrawn**_____

# PLAINTIFF'S PROPOSED JURY INSTRUCTION NO 17

## DEFINITION OF DISCRIMINATION

The third element requires Plaintiff to prove by a preponderance of the evidence that Defendant discriminated against Plaintiff in the provision of Defendant's services because of her disability.

For purposes of this case, Plaintiff can prove discrimination by proving that the City of Tampa (e.g., Tampa Police Department) failed to ensure that communications with individuals with disabilities are *as effective* as communications with others. The City of Tampa must provide effective auxiliary aids and services to ensure deaf and hard of hearing people have equal access to their services. Auxiliary aids and services can include qualified interpreters, or other effective methods of making aurally delivered materials available to individuals who are deaf. In order to be effective, auxiliary aids and services must be provided in a timely manner, and in such a way as to protect the privacy and independence of the individual with a disability.

In providing an auxiliary aid the Defendant must give "primary consideration" to the requests of the deaf individual in determining what auxiliary aids and services are necessary. Primary consideration means that Defendant was required to honor Ms. Lavandeira's choice of a sign language interpreter unless Defendants can prove by a preponderance of the evidence that another *equally effective* means of communication existed and was provided by Defendant to Ms. Lavandeira.

A "qualified interpreter" is able to interpret effectively, accurately, and impartially both receptively and expressively, using any necessary specialized

vocabulary. Under Title II of the ADA Defendant shall not rely on an adult accompanying an individual with a disability to interpret or facilitate communication except . . . where the individual with a disability *specifically requests* that the accompanying adult interpret or facilitate communication **and** the accompanying adult *agrees* to provide such assistance, **and** reliance on that adult for such assistance is appropriate under the circumstances.  A public entity shall not require an individual with a disability to bring another individual to interpret for him or her.

An individual with a disability is not required to ask for a reasonable modification, if the need for the modification is obvious.

If you determine by a preponderance of the evidence that the City of Tampa did not discriminate against Ms. Lavandeira in any way, then you must enter a verdict for the Defendant and against the Plaintiff.

If you find by a preponderance of the evidence, when considering her interactions with the City of Tampa separately, that Ms. Lavandeira was not provided communication that was as effective as provided to others then you must find that Defendant discriminated against Ms. Lavandeira.

**Authority**: *Silberman v. Miami Dade Transit*, 927 F.3d 1123, 1134 (11th Cir. 2019) *Schwarz v. The Villages Charter Sch., Inc.*, 165 F. Supp. 3d 1153, 1173 (M.D. Fla. 2016), aff'd sub nom. *Schwarz v. Bd. of Supervisors on behalf of Villages Cmty. Dev. Districts*, 672 F. App'x 981 (11th Cir. 2017); See also *Robertson v. Las Animas Cty. Sheriff's Dep't*, 500 F.3d 1185, 1198 (10th Cir. 2007); *Crane v. Lifemark Hospitals, Inc.* 898 F3d. 1130,1135 (11th Cir 2018); *McCullum v. Orlando Reg'l Healthcare Sys., Inc.*, 2013 WL 1212860, at *4 (M.D. Fla. Mar. 25, 2013), aff'd, 768 F.3d 1135 (11th Cir. 2014). 42 U.S.C. § 12132; 42 U.S.C. § 12103; 28 C.F.R. § 35.160(b)(2); 28 C.F.R. § 35.160 (c) (1).

**Given**_____
**Denied**_____
**Withdrawn**_____

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO 18

## SECTION 504 OF THE REHABILITATION ACT

In this case the Plaintiff claims the Defendant discriminated against her within the meaning of a federal law known as Section 504 of the Rehabilitation Act, by failing to provide Plaintiff with reasonable modifications for her disabilities.

Under Section 504 of the Rehabilitation Act, it is unlawful for an otherwise qualified individual with a disability in the United States to be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance solely by reason of her or his disability.

Under Section 504 of the Rehabilitation Act, the Defendant is legally responsible for the acts of its employees carried out in the regular course of their duties as an employee.

The Rehabilitation Act and the Americans with Disabilities Act are judged under the same standards, so to succeed on her claims under the Rehabilitation Act, the Plaintiff must prove the one remaining element of the ADA:

> That Defendant excluded Ms. Lavandeira from participation in or denied Ms. Lavandeira the benefits of a service, program, or activity for which Defendant is responsible, or otherwise discriminated against Ms. Lavandeira based on her disabilities.

In this case, all parties agree that the Defendant receives federal financial assistance, so if you determine that Plaintiff has established the one remaining element of Title II of the Americans with Disabilities Act as I just explained, you will then be asked to determine whether the Plaintiff is entitled to the recovery of damages, which requires proof of intentional discrimination, which are issues that I will also explain to you.

**Authority:** *Liese v. Indian River Cnty. Hosp. Dist.*, 701 F.3d 334, 345, 349 (11th Cir. 2012); *Silva v. Baptist Health South Florida*, 856 F.3d 824, 831 (11th Cir. 2017). In the Eleventh Circuit, with the exception of its federal funding requirement, Section 504 uses the same standards as the ADA, and, therefore, cases interpreting either are applicable and interchangeable. *Badillo v. Thorpe*, 158 Fed. Appx. 208, 214 (11th Cir. 2005) citing *Cash v. Smith,* 231 F.3d 1301, 1305 &n. 2 (11th Cir. 2000); *See also Silva v. Baptist Health South Fla., Inc.,* 856 F.3d 824, 830 ("ADA and RA[Section 504] claims are governed by the same substantive standard of liability.").

**Given**_____
**Denied**_____
**Withdrawn**_____

# PLAINTIFF'S PROPOSED JURY INSTRUCTION NO 19
## INTENTIONAL DISCRIMINATION

Under Title II of the Americans with Disabilities Act and under Section 504 of the Rehabilitation Act, in order to recover damages, Plaintiff must show not only that Defendant discriminated against her, but that the discrimination was intentional; that is, Plaintiff must prove that Defendant acted with discriminatory intent. The Plaintiff proves discriminatory intent by showing by a preponderance of the evidence that at least one of Defendant's officials:

1. knew Plaintiff needed an appropriate auxiliary aid or service to meaningfully participate in the programs, services and activities;
2. had the authority to order that aid be provided;
3. knew that harm was substantially likely if the Defendant failed to provide Plaintiff with an appropriate auxiliary aid or service, and
4. was deliberately indifferent as to the Defendant's failure to provide aid.

An official is someone who enjoys substantial supervisory authority with an organization's chain of command and had discretion to make a decision regarding auxiliary aids. Discriminatory intent does not require a showing of personal ill will or animosity toward the Plaintiff.

And as to Ms. Lavandeira's claim that TPD failed to communicate with her regarding her daughter's murder investigation, Plaintiff need only show that the mother of a murder victim is someone the TPD would typically communicate information to regarding the investigation directly and that they failed to do so with

Ms. Lavandeira because of her disability.

If you find that a Plaintiff has proven, by a preponderance of the evidence, each of the elements described above, you must determine what compensatory damages, if any, should be awarded for that Plaintiff. If you find that a Plaintiff has not proven intentional discrimination, then you must award nominal damages.

**Authority**: 29 U.S.C. § 794, *Liese v. Indian River Cnty. Hosp. Dist.*, 701 F.3d 334, 345, 349 (11th Cir. 2012); *Silva v. Baptist Health South Florida*, 856 F.3d 824, 831 (11th Cir. 2017); *Sunderland v. Bethesda Hospital*, 686 Fed.Appx. 807, 815 (11th Cir. 2017).

**Given**_____
**Denied**_____
**Withdrawn**_____

## **PLAINTIFF'S PROPOSED JURY INSTRUCTION NO 20**

### **MONETARY DAMAGES**

If you find in favor of Ms. Lavanderia and against the Defendant, The City of Tampa, you must then decide the issue of Plaintiff's damages.

In considering the issue of the Plaintiff's damages, you are instructed that you should assess the amount you find to be justified by a preponderance of the evidence as full, just and reasonable compensation for all of the Plaintiff's damages, no more and no less. Compensatory damages are not allowed as a punishment and must not be imposed or increased to penalize the Defendant. Also, compensatory damages must not be based on speculation or guesswork because it is only actual damages that are recoverable.

On the other hand, compensatory damages are not restricted to actual loss of time or money; they cover both the mental and physical aspects of injury— tangible and intangible. Thus, no evidence of the value of such intangible things as emotional pain and mental anguish has been or need be introduced. In that respect it is not value you are trying to determine, but an amount that will fairly compensate the Plaintiff for those claims of damage. There is no exact standard to be applied; any such award should be fair and just in the light of the evidence.

You should consider the following elements of damage, to the extent that you find that Olga Lavandeira has proved them by a preponderance of the evidence:

Olga Lavandeira's mental and emotional distress, impairment of

reputation, and personal humiliation, including such mental or emotional harm that Olga Lavandeira is reasonably certain to experience in the future.

If you find that Plaintiff is entitled to a verdict in her favor, but do not find that Plaintiff has sustained actual damages, then you must award $1.00 in nominal damages and no compensatory damages if you find that (a) Olga Lavandeira has submitted no credible evidence of injury; or (b) Olga Lavandeira's injuries have no monetary value.

Of course, the fact that I have given you instructions concerning the issue of damages should not be interpreted in any way as an indication that I believe Plaintiff should or should not prevail in this case. If you find that Plaintiff is entitled to a verdict in her favor, but do not find that the Plaintiff has sustained actual monetary damages, then you may return a verdict for the Plaintiff without awarding monetary damages.

**Authority:** 29 U.S.C. § 794, *Liese v. Indian River Cnty. Hosp. Dist.*, 701 F.3d 334, 345, 349 (11th Cir. 2012); *Silva v. Baptist Health South Florida*, 856 F.3d 824, 831 (11th Cir. 2017); *Sunderland v. Bethesda Hospital*, 686 Fed.Appx. 807, 815 (11th Cir. 2017). Eleventh Pattern Instructions, Civil Rights 5.3, 5.13

**Given**_____
**Denied**_____
**Withdrawn**_____

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO 21

### NOMINAL DAMAGES

Nominal damages are an inconsequential or trifling sum awarded to a plaintiff when a technical violation of her rights has occurred but the plaintiff has suffered no actual loss or injury.

If you find from a preponderance of the evidence that Plaintiff sustained a technical violation of Title II of the ADA or of Section 504 of the Rehabilitation Act, but that Plaintiff suffered no actual loss as a result of this violation, then you must award Plaintiff nominal damages.

**Authority:** Eleventh Pattern Instructions, Civil Rights 5.13 (modified) Damages 15.6 of the Pattern Jury Instructions (Civil Cases), Fifth Circuit (2014) (with revisions through October 2016); *Carey v. Piphus*, 435 U.S. 247, 266-67 (1978); *Farrar v. Cain*, 756 F.2d 1148, 1152, (5th Cir. 1985).

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the foregoing document was electronically filed on this 13th day of January 2023 by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

> */s/ Sharon Caserta*
> Sharon Caserta